The People of the State of Illinois, Plaintiff-Appellee, *v.* Neil Heerwagen, Defendant-Appellant.

(No. 74-190;

Third District—July 18, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial in the circuit court of McDonough County defendant, Neil Heerwagen, was found guilty of possession of between 30 and 500 grams of cannabis and sentenced to probation on the condition that he serve 10 weekends of periodic imprisonment in the county jail.

Although several errors are assigned, due to the view we take of this case the only issue we need deal with on this appeal is whether there was sufficient evidence to prove beyond a reasonable doubt defendant was in possession of the contraband. Defendant argues mere presence in a room where cannabis is found is not sufficient to prove possession beyond a reasonable doubt. The People do not appear to dispute the general validity of the rule but contend there was sufficient evidence to show the contraband in question was within defendant's immediate control.

The evidence shows police officers with a search warrant searched a

residence containing three rooms and a bathroom downstairs and three bedrooms upstairs. Defendant was found by a police officer in an upstairs bedroom lying on a bed reading a book. The police officers testified finding in the same room a hash pipe, bags of marijuana, some roaches, and some marijuana seeds in an ashtray. The defense presented no evidence.

The general rule applicable regarding proving possession of contraband is contained in *People v. Nettles,* 23 Ill.2d 306, 307, 308-09, 178 N.E.2d 361, wherein the court stated: "In order to support a conviction for unlawful possession of narcotics, the People must establish knowledge on the part of defendant of the presence of narcotics and must also establish that the narcotics were in the immediate and exclusive control of defendant." The court continued, "[W]here narcotics are found on the premises under the control of defendant, this fact, in and of itself, gives rise to an inference of knowledge and possession by him which may be sufficient to sustain a conviction for unlawful possession of narcotics, absent other facts and circumstances which might leave in the mind of the jury, or of the court where a jury is waived, a reasonable doubt as to his guilt."

The dispositive question for this court is whether the evidence shows defendant did in fact have control of the room in which he was found lying reading a book. Unable to point to any competent evidence in the record, the People rely on extrinsic facts and inadmissible evidence in attempting to prove defendant's control. Defendant's alleged statement in his motion to quash the search warrant and to suppress evidence that the bedroom was his place of residence is inadmissible as evidence. (*Simmons v. United States,* 390 U.S. 377, 19 L.Ed.2d 1247, 88 S.Ct. 967.) The affidavit attached to the search warrant is also inadmissible, as is the search warrant itself. *People v. Fryer,* 266 Ill. 216, 107 N.E. 134.

No competent evidence was presented showing defendant owned, rented, or even lived in the house itself, or rented or lived in the room in question. This dearth of evidence concerning defendant's control necessitates the conclusion that the People proved at best nothing more than defendant's mere presence in a room containing contraband. In accord with applicable case law (*People v. Howard,* 29 Ill.App.3d 387), the evidence here is insufficient to prove defendant's possession beyond a reasonable doubt.

For the foregoing reasons the judgment of the circuit court of McDonough County is reversed.

Judgment reversed.

ALLOY and STENGEL, JJ., concur.