THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY L. RICHARD, Defendant-Appellant.

(No. 74-199; 

Second District (1st Division)—December 24, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (Robert L. Janes, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of possession of a controlled substance (heroin) after a jury trial and sentenced to serve 1 year of periodic imprisonment. He appeals, contending (1) that his motions to quash a search warrant and to suppress evidence were improperly denied; (2) that his motion for a directed verdict at the close of the State's case based on lack of proof of knowing possession should also have been granted; and (3) that the court improperly refused defendant's tendered instruction pertaining to circumstantial evidence.

The heroin, together with associated paraphernalia, was found by officers who conducted a search pursuant to a search warrant. It was found in a small plastic bag under shingles about 18 inches below the bathroom window of the second floor apartment where defendant was found.

The defendant argues that the complaint and affidavit for the warrant did not furnish probable cause. Essentially he claims that the omission of any statement in the complaint regarding the previous credibility of the informant together with the fact that the affidavit of the informant was signed with a fictitious name violated constitutional requirements.

He argues that the complaining officer's statements that he had personally seen defendant in the company of other individuals at the address of the apartment where the heroin was found, that several of the others had been convicted of drug offenses and that all were under investigation for drug offenses, amounted to conclusions and did not establish a sufficient basis for crediting the unidentified informant's allegations.

The State responds that the informant's affidavit stated that he had been at the apartment personally within the past 2 weeks preceding the warrant, that defendant acknowledged that he held heroin in his hands at that time, that the affiant had seen and used heroin and knew that the substance had the appearance of heroin. The State notes that the affiant also acknowledged in the affidavit that the name "John E. Smith" which he signed was an alias; but further notes that the informant personally appeared in court and stated the facts in the affidavit upon his personal knowledge.

The defendant replies that the State is limited to the "four corners" of the complaint and affidavit (*People v. Bak*, 45 Ill.2d 140, 144 (1970)); but that even if it were not, that the record does not show that the informant testified before the judge who issued the search warrant but shows merely that his affidavit was subscribed and sworn to in the judge's presence.

■■ The United States Supreme Court stated in *Aguilar v. State of Texas*, 378 U.S. 108, 114-15, 12 L.Ed.2d 723, 729, 84 S.Ct. 1509, 1514 (1964):

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 4 L.Ed.2d 697, 80 S.Ct. 725, 78 ALR2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [citation] was 'credible' or his information 'reliable.'"

(See also *People v. Parker*, 42 Ill.2d 42, 44-5 (1968).) Allegations that the accused associated with individuals suspected of criminal behavior are assertions of suspicion which do not establish probable cause. See *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584, 588 (1969).

■■ Here, however, the affidavit of the informant is attached to the complaint and in itself is not based on hearsay but rather on personal knowledge of the affiant that the defendant in the presence of the affiant pos-

sessed heroin within a 2-week period prior to the affidavit and issuance of the warrant. The affidavit contains a sufficient statement of the underlying circumstances from which the judge could and did conclude that the informer obtained his information in a reliable way. See *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584, 589 (1969).

██ The fact that the affidavit was signed with a fictitious name does not constitute a violation of constitutional rights. (See *People v. Stansberry*, 47 Ill.2d 541, 544-5 (1971).) Defendant asks us to follow *United States ex rel. Pugh v. Pate* (7th Cir. 1968), 401 F.2d 6, which held that a warrant issued pursuant to an affidavit signed with a false or fictitious name was void. However, for the reasons detailed in *People v. Stansberry*, we may not do so.

Moreover, we agree with the further argument of the State that the appearance of the affiant "John E. Smith" before the issuing judge further insures against the possibility that police officers might fabricate affidavits, which could not be sufficiently tested. This additional circumstance assures that the probable cause was determined by the neutral judge and not by the officer engaged in ferreting out crime. See *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584, 589.

In a supplemental brief defendant has presented an additional argument based on the facts that the officers raided the building while defendant was asleep, gaining entry by breaking the window of the doorway with a sledge hammer and without giving prior warning. Defendant contends that the unreasonable entry deprived him of due process of law and voided the resulting seizure. On this basis he argues that the order denying the suppression of the evidence should be reversed.

The State answers that defendant did not raise this issue in the trial court and has therefore waived it; but that in any event the question of what circumstances are sufficient to negate a prior announcement of authority and purpose is one of reasonableness to be made on a case-to-case basis. It argues that the entry here was reasonable in order to prevent the destruction of the contraband.

██ The particular argument that the search was voided because of the method of entry was not made by defendant's trial counsel. However, the extensive questioning of the police witnesses by defendant's counsel on the failure to warn prior to the entry clearly exposed the issue. Under these circumstances it would be unfair to apply the rule of waiver and we will consider the issue here raised as plain error under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)).

Forced entries to execute search warrants made without a prior announcement of authority and purpose are prohibited unless exigent cir-

cumstances exist at the time of the entry. See *Ker v. California*, 374 U.S. 23, 10 L.Ed.2d 726, 83 S.Ct. 1623, 1633-34 (1963); *People v. Stephens*, 18 Ill.App.3d 817, 820-823 (1974). Compare *People v. Hartfield*, 94 Ill. App.2d 421 (1968). See also Ill. Rev. Stat. 1973, ch. 38, par. 108—8.

The manner of the entry is not disputed. The officers testified that a window was broken out of the doorway going into the apartment by a sledge hammer; that no one rang the doorbell; no one knocked or otherwise announced the presence of the officers; that no unusual noises were heard before the apartment was entered and that when they got into the apartment they concluded that defendant had been sleeping in the living room prior to the entrance of the officers. In *Ker v. California*, 374 U.S. 23, 10 L.Ed.2d 726, 83 S.Ct. 1623, 1633 (1963), justification for the officers' failure to give notice was found to be uniquely present because, in addition to the officers' belief that Ker was in possession of narcotics which could be quickly and easily destroyed, Ker's further conduct in eluding them shortly before the arrest was ground for the belief that he might well have been expecting the police. In *People v. Stephens*, the fact that the State admitted that no other reason existed for the method of entry employed by the officers other than the belief that defendant was in possession of an unknown quantity of heroin which might be readily destroyed during any delay in effecting entry was held to be an insufficient showing of exigent circumstances. In *Stephens* (page 823), the court distinguished *People v. Hartfield*, 94 Ill.App.2d 421, by noting that in *Hartfield* as in *Ker* there were further reasons to establish the exigent circumstances beyond the officers' belief that the defendant was in possession of narcotics which could be quickly and easily destroyed.

■■ Here, no evidence was introduced from which it could be concluded that there were exigent circumstances to justify the forcible entry without any announcement. There was no prior conduct of defendant to suggest to the officers that an announcement would result in destruction of evidence; no movement of defendant while the officers were outside the door which could have justified apprehension of a prior announcement. Under these circumstances the State has failed to prove that there were exigent circumstances which would excuse a prior announcement by the officers. The use of unnecessary and unreasonable force to effect an entry to execute the search warrant invalidated the seizure. (*People v. Stephens.*) See also Ill. Rev. Stat. 1973, ch. 38, par. 108—8.

The trial court therefore erred in denying defendant's motion to suppress the evidence which was seized pursuant to the execution of the search warrant.

Defendant also argues that the prosecution failed to present any evi-

dence of defendant's ownership or tenancy of the searched apartment, failed to establish that Terry Richard had any clothes or other personal property on the premises and failed to show that the physical evidence was seized in the immediate presence of the defendant. He argues that his mere presence in the apartment was insufficient to establish his control over heroin found outside the apartment.

██ It is conceded that in order to prove constructive possession of the heroin which was seized during the search, the State must prove that defendant had immediate and exclusive control over the contraband or over the place where the contraband was seized. (*People v. Mack,* 12 Ill.2d 151, 159-162 (1957).) The State argues that the testimony establishes defendant's exclusive possession of the apartment from which the heroin was seized since he was the only person occupying the locked apartment when the warrant was executed at the early hour of 5:45 a.m.; and no one else came onto the premises during the search. The State also notes that defense counsel in his cross-examination of the State's witnesses made a reference to "defendant's house."

██ Defendant concedes that knowing possession of a controlled substance may be established by showing constructive possession of the controlled substance based on proof that the defendant has control of the premises under circumstances which make it reasonable to infer that he therefore controlled the prohibited substance. However, he argues that the State introduced no evidence to prove defendant's control over the premises. And he notes that throughout the trial and in post-trial motions he raised the issue.

 To support a conviction for unlawful possession of a controlled substance the evidence must show that the defendant knew of the presence of the substance and that it was in his control, but the requisite knowledge may be proved by acts, declaration or conduct from which it may fairly be inferred that the defendant knew of the existence of the substance where found; and knowledge may be inferred if the substance is found on premises under defendant's control absent other facts and circumstances sufficient to raise a reasonable doubt as to guilt. (*People v. Bell,* 53 Ill.2d 122, 126 (1972).) Such proof may not be supplied, however, by the allegations contained in a search warrant or affidavits; nor by admissions, if any, in the course of a motion to quash the search warrant. See *Simmons v. United States,* 390 U.S. 377, 19 L.Ed.2d 1247, 88 S.Ct. 967, 974 (1968). See also *People v. Heerwagen,* 30 Ill.App.3d 144, 332 N.E.2d 136 (1975).

The State places reliance on *People v. Bell,* 53 Ill.2d 122 (1972), and *People v. Nettles,* 23 Ill.2d 306 (1961). In *Bell,* however, it was undis-

puted that the narcotics were found on a bed in a bedroom which defendant admitted was his and the issue was whether the possession of the drugs was that of defendant or another person in the apartment at the time of the search. And in *Nettles,* defendant testified that although he did not rent the apartment he kept his clothes there. The Supreme Court found in both cases that the question of whether there was possession of the premises from which possession and knowledge of the contraband could be inferred was properly one for the trier of facts.

■■ On the record before us, however, there is the bare circumstance that the defendant was present in the one-bedroom apartment and had apparently been sleeping in the living room on the couch when the officers broke in. There was no evidence that the defendant rented the apartment (*People v. Mack,* 12 Ill.2d 151, 162 (1957)); no admission by defendant that he possessed or controlled the apartment (*People v. Bell, People v. Nettles*); no personal belongings of the defendant were identified in the apartment, and no evidence that defendant was in the apartment frequently (*People v. Nettles*).

On this record we must conclude that the State proved only that defendant was present in a room from which contraband was accessible to him. Possession was therefore not proved beyond a reasonable doubt. See *People v. Pugh,* 36 Ill.2d 435 (1967); *People v. Minkin,* 133 Ill.App. 2d 549 (1971); *People v. Heerwagen,* 30 Ill.App.3d 144 (1975). See also *People v. Howard,* 29 Ill.App.3d 387 (1975).

In view of these conclusions we do not consider the other contentions raised by the defendant. The judgment is reversed.

Reversed.

GUILD and HALLETT, JJ., concur.