THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIE STEWART *et al.*, Defendants-Appellees.

Third District    No. 77-521

Opinion filed December 28, 1978.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee Wilburn Hoskin.

Richard V. Laukitis, of Hamm & Hanna, Ltd., of Peoria, for appellee Willie Stewart.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The circuit court of Peoria County dismissed charges of unlawful possession of a controlled substance (heroin) against defendants, Wilburn Hoskin and Willie Stewart, when the State refused to obey a prior order to disclose the identity of an informant. The State appeals from that dismissal order.

Based upon information supplied by an informant, police were able to obtain a search warrant for an apartment in Peoria County. The affidavit in support of the search warrant stated:

"That informant was present in the above described premises within the past 72 hours and while there did personally observe a quantity of an off-white powdery substance which was represented to informant by a black male occupant of the premises known to the informant as Wilburn Hoskins to be heroin. Informant has observed heroin on numerous occasions in the past and is thoroughly familiar with its appearance. Informant stated that the off-white powdery substance he observed in the above described premises appeared to him to be heroin."

A search of the apartment revealed a substance containing heroin. Defendant Hoskin was arrested outside the apartment prior to the search and defendant Stewart was in the apartment when the warrant was executed. Defendants were then indicted for unlawful possession of a controlled substance (less than 30 grams of a substance containing heroin).

On November 9, 1977, defendant Stewart filed a motion to compel disclosure of a confidential informant alleging in part that there was no allegation by the informant that defendant Stewart was present at the premises during the informant's alleged visit and that the informant's testimony is relevant and material to the issue of constructive possession by defendant. A hearing was held and defendant Hoskin joined in the

motion during the course of oral argument. During the course of argument on the motion, the State agreed that constructive possession would be an issue at trial. The trial court found that because the issue of guilt of defendant Stewart at trial would depend upon constructive possession, the informant might be able to give evidence concerning whose possession the substance was in when he did the observing or at some other time when he had an opportunity to observe. The court ordered the State to produce the informant. When the State indicated its refusal to disclose the identity of the informant, the court dismissed the case.

■■ To prove that each of the defendants was guilty of possession, the State had to establish the defendant's knowledge of the presence of the controlled substance and the defendant's "immediate and exclusive control of the premises." (*People v. Heerwagen* (1975), 30 Ill. App. 3d 144, 332 N.E.2d 136.) The State contends that because the informant was not in the apartment when the search was conducted, the informant could not give testimony relevant to the issue of constructive possession. The defendant asserts that even though the informant may not have been present in the apartment when the search was conducted, he could have important information bearing upon the issue of constructive possession. We reverse and remand.

■■ Our resolution of this difficult issue begins with an examination of *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623. The informant in *Roviaro* assisted in setting up the criminal occurrence and then played a prominent role in the transaction. In holding that the informant should have been disclosed, the Supreme Court pronounced the following guidelines applicable to the disclosure of an informant's identity.

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623.

■■ In a different factual situation the Illinois Supreme Court held disclosure was not required. In *People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609, the court examined *Roviaro* as applied to circumstances markedly similar to those of the present case. The police in *Mack* had obtained a search warrant for an apartment in Chicago based upon a complaint signed by an informer with the fictitious name "John Jones."

The apartment was placed under observation and defendant was eventually observed by police officers leaving the apartment via a rear door and descending to the ground by a fire escape. After defendant's departure, officers entered the apartment and seized a quantity of heroin. Defendant was arrested the next day at his place of employment and a rent receipt for the apartment was taken from his person. On appeal, the defendant urged that *Roviaro* compelled disclosure of the informant, but the Illinois Supreme Court disagreed. In holding no disclosure was required, the court noted the differences between the circumstances of the two cases. In *Roviaro* the informant helped set up the commission of the crime and was present at its occurrence whereas as in *Mack*, the informer took no part in serving the search warrant or in the defendant's arrest; the record was barren of any showing or inference that he either participated in the crime of the defendant or helped set up its commission; and no part of the informant's communications to police or conversations with defendant if he had any, were used as evidence in the cause. Although we note that the court in *Mack* did not discuss the informer privilege in the context of constructive possession, constructive possession was clearly the basis of the State's case. While minor differences exist between the facts in *Mack* and those in this case, we believe that *Mack* controls our decision. We therefore hold that the trial court erred in requiring the State to reveal its informant.

Relying on the recent decision of *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, defendant urges to this court that the informant should have been identified so the defense could determine the feasibility of an attack on the search warrant. We recognize that as a result of *Frank* the Illinois rule prohibiting a defendant from going behind the four corners of the search warrant to challenge its veracity or propriety is questionable. However, since *Frank* did not reach the question of whether an informant should be revealed in challenging a search warrant, it does not apply here. In any event, the foundation outlined in *Frank* for challenging the veracity of a search warrant was not laid in this case and the issue was not raised in the trial court prior to this appeal. We will therefore not consider the matter further.

For the foregoing reasons the judgments of the circuit court of Peoria County are reversed and the causes remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.