The People of the State of Illinois, Plaintiff-Appellee, *v.* Bernard Barry, Defendant-Appellant.

(No. 55598;

First District—July 18, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a jury trial defendant was found guilty of aggravated assault and unlawful use of a weapon within 5 years of release from the penitentiary. He was sentenced to a term of 2 to 5 years for aggravated assault and 5 to 8 years for unlawful use of a weapon within 5 years of release from the penitentiary. On appeal defendant contends that where a person is assaulted by a police officer in civilian dress and does not know him to be a police officer he cannot be found guilty beyond a reasonable doubt of aggravated assault upon a police officer for resisting the assault with force and that it was improper to sentence him for two separate offenses that arose out of the same conduct.

On April 24, 1969, Fred Williams was going to a tavern to retrieve his girlfriend whom he described as his "common-law wife." On the way to the tavern Williams obtained the aid of two uniformed policemen. He told them that his "wife" was in a tavern in the company of a man with a gun. Before reaching the tavern the assistance of two plain clothes policemen, officers Spearman and Jackson, was enlisted. Upon reaching the tavern, Williams entered followed by officer Spearman. Williams went to the rear of the tavern where his girlfriend was and escorted her from the premises. Officer Spearman waited at a point about halfway down the length of the tavern. As Williams and his girlfriend reached the front door defendant came from the rear of the tavern walking toward the front door. Defendant removed a gun from his pocket as he passed officer Spearman. Officer Spearman then walked up behind defendant, grabbed the barrel of the gun and announced that he was a police officer. Defendant engaged in a struggle with officer

Spearman during which defendant's gun was pointed at the officer's face and misfired. Officer Spearman then fired his own gun three times striking defendant twice. The two uniformed police officers then entered the tavern and defendant dropped his gun.

■■ Defendant initially contends that where a person is assaulted by a police officer in civilian dress and does not know him to be a police officer he cannot be found guilty beyond a reasonable doubt of aggravated assault upon a police officer. While this might be a correct statement of the law it is inapplicable to the case at bar. Officer Spearman's uncontradicted testimony reveals that he announced himself as a police officer at the same time that he grabbed defendant's gun. Such evidence was clearly sufficient for the jury to find that defendant knew the individual assaulted to be a police officer.

■■ Defendant also contends that it is improper to sentence him for two separate offenses which arose out of the same conduct. Where a person is convicted of two or more offenses which arise out of the same conduct he cannot be sentenced for both. (*People v. Schlenger*, 13 Ill.2d 63; Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m).) However, where the separate offenses do not arise from the same conduct, even though closely related in time, and are distinct and require different elements of proof it is proper to sentence for each offense. (Ill. Rev. Stat. 1969, ch. 38, par. 1—7(m); see *People v. Johnson*, 44 Ill.2d 463.) In the instant case the two offenses did not arise from the same conduct. Defendant committed the offense of unlawful use of a weapon by merely carrying a gun concealed on his person. (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a) (4).) That offense had no necessary connection with the assault perpetrated upon officer Spearman and was completed prior thereto. When defendant assaulted officer Spearman he engaged in conduct separate and distinct from the mere act of carrying a pistol concealed on his person. The offense of aggravated assault requires different elements of proof and is clearly distinct from the offense of unlawful use of a weapon.

The judgment is therefore affirmed.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.