THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES STEPHENS, Defendant-Appellant.

(No. 57156;

First District (3rd Division)—March 21, 1974.

Sam Adam, Edward Marvin Genson, and James J. Cutrone, all of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Barry Rand Elden, Kenneth L. Gillis, and Frank Deboni, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

*After a trial without a jury, defendant was convicted of unlawful possession of heroin in violation of Ill. Rev. Stat. 1969, ch. 38, par. 22—3. Following a hearing in aggravation and mitigation the defendant was sentenced to a term of 1 to 3 years in the Illinois State Penitentiary. On appeal, defendant initially contends that the trial court erred in refusing to suppress evidence seized pursuant to a search warrant on the ground that the police officers executing the warrant gained entry into defendant's apartment by force, without a prior announcement of either authority or purpose. We agree. Inasmuch as we must reverse, only those facts pertinent to the initial issue will be set forth.*

On May 14, 1971, a complaint for search warrant was filed by Officer Charles Jackson of the Chicago Police Department alleging that a reliable police informer had observed a quantity of heroin in the defendant's apartment and had purchased a portion of it from the defendant. A search warrant was issued for the person and apartment of defendant, and at 11 A.M., on the same day, Officer Jackson, together with Officers Arnold and King, forcibly entered defendant's apartment which was located in a hotel at 1380 East 51st Street in the city of Chicago. The defendant was found alone in the apartment and was dressed in pajamas. A search of his person resulted in the discovery of a packet of heroin in

the pocket of his pajama top, and he was then placed under arrest. During a further search of his apartment several packets of heroin were found on top of a bedroom dresser.

Defendant's motion to quash the search warrant because of insufficient allegations, and his further motion to allow a hearing as to the truthfulness of the allegations in the complaint for search warrant were denied. After a jury waiver the only witness called by the State at defendant's trial was Officer Jackson. On cross-examination he testified that when he and the other officers approached the door to defendant's apartment they neither knocked nor made any other announcement of their presence. He further testified that immediate entry was made into the apartment by Officer King and himself by forcing the door open with their feet, stating that Officer King "did put his foot on there and kicked the door open." At the conclusion of the witness' testimony, defendant moved that the evidence seized in the apartment be suppressed because the method of entry employed by the police violated the fourth amendment to the United States Constitution. The motion was denied.

The defendant's contention is that the trial court erred in not suppressing the seized evidence in that it is unreasonable under the fourth amendment for police to effect an entry by force into a private dwelling without making a prior announcement of authority and purpose unless at the time of the entry circumstances exist which justify removing the necessity for a prior announcement. In support of this premise defendant cites several Federal and sister State cases. The State denies that any prior announcement of authority and purpose is constitutionally required before police may effect an entry by force to execute a search warrant, and in support of that position the State relies upon *People v. Hartfield* (1968), 94 Ill.App.2d 421. The State argues that all the cases cited by defendant as supporting the proposition that a prior announcement of authority and purpose is a constitutional necessity are cases wherein either a Federal or State statute requires such an announcement, and that Illinois has no such statutory requirement.

The Illinois statute relating to the execution of search warrants provides:

> "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant." (Ill. Rev. Stat. 1971, ch. 38, par. 108—8.)

By its terms, this statute neither condones nor prohibits forcible entries in the absence of a prior announcement of authority and purpose. It follows that a determination of whether a forcible entry may be made under the authority of this statute without any prior announcement rests upon

constitutional grounds, for, at the minimum, this statute must be consistent with constitutional guarantees against unreasonable searches and seizures.

In *Ker v. California* (1963), 374 U.S. 23, the United States Supreme Court was called upon to review the constitutionality of state police officers effecting an entry into a defendant's apartment through the use of a passkey without a prior announcement of their authority and purpose. The officers had entered the premises to arrest the defendant for possession of marijuana. A California statute provided that officers could break into a dwelling to effect an arrest only after stating their purpose in demanding admission and being refused such admission. The court observed that California case law had recognized an exception to the announcement requirement of the statute where exigent circumstances existed at the time of entry. After emphasizing that its determination was based upon a constitutional reference the court held that under the circumstances of that case, where the defendant was believed to be in possession of marijuana, and his previous furtive actions suggested that he was expecting the arrival of the police, the method of entry employed by the officers and sanctioned by State law was not unreasonable under the standards of the fourth amendment. The four justices who dissented in *Ker* agreed that the existence of exigent circumstances could remove the constitutional necessity of an announcement of authority and purpose prior to making a forced entry, but disagreed with the majority's application of that exception to the facts of that case. In their dissent, the justices delineated other possible exigent circumstances which could excuse compliance with the announcement requirement, including circumstances justifying a belief that the authority and purpose of the officers is already known to the occupants, circumstances justifying a belief that a person inside the premises or the officers themselves are in imminent danger, or circumstances wherein the occupants have been made aware of someone's presence outside, and their subsequent actions justify a belief that they are attempting to destroy evidence or flee.

Subsequent to the decision in *Ker*, and based upon it, several Federal and State courts have held that the fourth amendment prohibits forced entries to execute a search warrant without a prior announcement of authority and purpose, except where exigent circumstances justify the failure to give notice. *United States ex rel. Ametrane v. Gable*, 401 F.2d 765 (3rd Cir. 1968); *United States v. Tracy*, 350 F.2d 658 (3rd Cir. 1965), *cert. denied* 382 U.S. 943 (1965); *State v. Dusch*, 289 N.E.2d 515 (Ind. 1972); *Commonwealth v. Newman* (1968), 429 Pa. 441, 240 A.2d 795.

The State cites *People v. Hartfield, supra*, as support for its contention

that in the absence of an express statutory requirement, the failure to make an announcement of authority and purpose prior to a forced entry does not infringe constitutional rights. Although in *Hartfield,* wherein the police announced their office, the court stated that the fact that no purpose is announced prior to a forceful entry is not a per se violation of constitutional rights, the court made that statement in recognition of possible exigent circumstances which may arise in a particular case to remove the necessity for a prior announcement. The context of the court's statement becomes apparent from its holding that as in the *Ker* case, there existed a circumstance which justified the failure to give a prior announcement of purpose; that is, the defendant was believed to be in possession of easily disposable narcotics. We do not feel that the *Hartfield* case is authority for the proposition that no constitutional infringement can ever arise from an unannounced forcible entry.

■■ We find *Ker* to be controlling as to this issue, and under its mandate constitutional guarantees against unreasonable searches and seizures extend to the circumstances under which forcible entries may be made to execute search warrants in this State. Consequently, we construe section 108—8 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—8) to prohibit forced entries to execute search warrants without a prior announcement of authority and purpose, unless at the time of entry there exist circumstances which excuse compliance with this requirement. In so holding, we are not unmindful of the practical ramifications of unannounced forcible entries into private dwellings. The possibility of mistake and the inherent dangers to both the occupants and the police in effecting entry in this manner are obvious.

■■ Nothing in this opinion should be taken as an attempt to establish an all-inclusive or restricted categorization of what circumstances would be sufficient to negate the need for a prior announcement of authority and purpose, for that determination is one of reasonableness which must be made on a case-by-case basis. By its very nature, however, any judicial determination as to the existence of exigent circumstances removing the necessity of a prior announcement must be limited to those facts which were within the knowledge of the police officers at the time they effected the forced entry.

In the instant case, it is argued by the State that the officers were justified in not announcing their authority and purpose prior to entering defendant's apartment because the defendant was believed to be in possession of an unknown quantity of heroin which might be readily destroyed during any delay in effecting entry. During oral argument of this appeal, the State admitted that no other reason existed for the method of entry employed by the officers. This same justification argument was

presented to and rejected by the California Supreme Court in *People v. Gastelo* (1967), 63 Cal. Rptr. 10, 12, 432 P.2d 706:

"The Attorney General contends that unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases, on the ground that narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence.

We do not agree with this contention. Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved. Indeed in the *Ker* case the court was divided 4 to 4 on the question whether the evidence offered to excuse compliance with the notice and demand requirements was sufficient. [In *Ker*, Justice Harlan was of the opinion that Fourth Amendment standards should not be applied to the states. Thus, the judgment of conviction was affirmed, 5-4.] * * *

\* \* \*

Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen."

Similarly, the Superior Court of Pennsylvania, in *Commonwealth v. Riccardi* (1971), 220 Pa. Super. 72, 75, 283 A.2d 719, 721 stated:

"Notwithstanding the above, the Commonwealth argues that this case presents 'exigent circumstances' suspending the announcement requirement simply because the police believed that the drugs would be easily destroyed. However, as the Supreme Court of this Commonwealth stated in *Commonwealth v. Newman*, 429 Pa. 441, 240 A.2d 795 (1968): 'The fact that some lottery paraphernalia is easily destroyed does not justify the suspension of the Fourth Amendment in all lottery prosecutions. One of the prices we have to pay for the security which the Fourth Amendment bestows upon us is the risk that an occasional guilty party will escape. 429 Pa. at 448, 240 A.2d at 798 [citation omitted].'

To excuse the police's failure to announce their purpose and presence and thereafter to allow a reasonable time for the vol-

untary surrender of the premises, there `* * *` must be more than a presumption that the evidence *would* be destroyed because it *could* be easily done. *Commonwealth v. DeMichel, supra,* at 563, quoting *State v. Mendoza,* 104 Ariz. 395, 399, 454 P.2d 140, 144 (1969).'

The entry by the police in the circumstances of this case violated the standards of the Fourth Amendment."

Other courts have also rejected a blanket removal of announcement requirements in narcotics cases. (*State v. Dusch, supra; State v. Hatcher* (1970), 3 Wash.App. 441, 475 P.2d 802.) Likewise, we cannot accept the contention that the nature of the narcotic sought herein is in and of itself a sufficient basis for noncompliance with the announcement requirement which we have construed section 108—8 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—8) to contain. This court is aware that *People v. Hartfield, supra,* passed approvingly on the blanket removal of any announcement requirement in narcotics cases but did so in finding the factual situation similar to that found in the *Ker* case. As in *Ker,* upon which *Hartfield* relied, we require that "[*i*]*n addition* to the officers' belief that [defendant] was in possession of narcotics, which could be quickly and easily destroyed, `* * *`" (emphasis added) further reasons exist to establish the exigent circumstances which excuse the prior announcement. In *Ker* the same consisted of "`* * *` *Ker's* furtive conduct in eluding them shortly before the arrest was ground for the belief that he might well have been expecting the police." 374 U.S. 23, p. 40.

■■ In the instant case the State concedes that the only reason at the time of entry to excuse any announcement was the belief that defendant was in possession of a narcotic which might be readily destroyed. Therefore, we conclude that there were no exigent circumstances to justify the forcible entry without any announcement. The trial court erred in denying defendant's motion to suppress the evidence which was seized pursuant to the execution of the search warrant, and as it was the only evidence upon which a finding of guilty could be predicated, the judgment must be reversed.

In view of the conclusion reached herein we do not deem it necessary to consider other contentions raised by defendant. The judgment and sentence of the circuit court of Cook County are reversed.

Reversed.

McNAMARA, P. J., and McGLOON, J., concur.