THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WALTER BRITZ, Defendant-Appellant.

Third District   No. 75-90

Opinion filed June 4, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Thomas Carey, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Walter Britz, was indicted for attempt aggravated battery in discharging a shotgun at a police officer and also for possession of heroin. He pled guilty to the charge of possession of heroin but not guilty to attempt aggravated battery. The Circuit Court of Will County in a bench trial found Britz guilty of attempt aggravated battery. He was sentenced to concurrent terms of not less than 1 nor more than 3 years for the offense of attempt aggravated battery and not less than 2 nor more than 6 years for the offense of possession of heroin. Britz has appealed only from his conviction for attempt aggravated battery. He raises only one issue for review; that is whether the evidence at trial was insufficient to prove beyond a reasonable doubt the essential element of attempt aggravated battery, *i.e.*, that defendant knew the individual he fired at to be a peace officer.

Because this issue is necessarily dependant upon the facts contained in the record, a synopsis of the relevant details surrounding the occurrence of the shooting incident must be given.

Several members of the Metropolitan Area Narcotics Squad, including the officer that Britz fired upon, came to Britz's house on March 2, 1973, to execute a search warrant for both the premises and Britz's person. They were acting in an undercover role and their mode of dress was casual and not their official police uniform. The officers arrived at Britz's residence after dark. They surrounded the house and Officers Kostelny and Menees approached the rear door of the residence. All were armed and Officer Kostelny had a 12-gauge shotgun concealed under his coat.

It had been decided earlier that an attempt would be made to use subterfuge to gain entrance rather than assert their official status to possibly prevent a destruction of evidence. Kostelny knocked on the door and defendant appeared gazing through the window in the door with the curtain pulled back. Menees stood with his back to the door. They asked to see Wally (Britz) and stated that they were friends of Marty Bachman. Kostelny testified that Britz then looked startled at the mention of Bachman's name and stepped back without opening the door. Marty Bachman was at that moment, unknown to the officers, inside Britz's house. Menees testified that he simultaneously observed a female (Karen Johnson) look out from another window and disappear when Britz became startled over the statement of Kostelny that Marty sent them.[*] The testimony of both officers indicated that Kostelny then yelled, "Police, open up," while Menees swung his badge and identification card up to the window for Britz to see.

---

[*] The testimony of Kostelny, Johnson and defendant was that the statement was to the effect: "We are friends of Marty, Marty sent us."

The officers then kicked the door in and pursued defendant. Kostelny initially attempted to capture Bachman, and Menees pursued defendant. It is not disputed (though defendant does not admit) that Kostelny yelled "police officers" and "hold it" or "halt" several times upon entering. Menees also testified that he held his badge and identification card in front of himself in an attempt to convey their official position to all concerned despite their unofficial appearance, in two instances while face to face with defendant. Defendant Britz ran to a bedroom, grabbed a shotgun and fired once at Officer Menees from a distance of eight feet through a doorway but miraculously missed. Ultimately Officer Kostelny appeared and after again yelling "police officers" shot and gravely wounded defendant as defendant swung his shotgun towards Kostelny.

The offense of aggravated battery as defined by section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)) provides "(b) A person who, in committing a battery * * * (6) [k]nows the individual harmed to be a peace officer * * *" commits an aggravated battery. The offense of attempt as defined by the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(a)) provides that a person commits an attempt when with the intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of the offense. Combining the two statutory provisions in this case presents the issue of whether the State proved beyond a reasonable doubt that defendant knew the individual he shot at to be a peace officer for him to be guilty of attempt aggravated battery.

■■ Admittedly this defendant's state of mind can only be proven by circumstantial evidence in the absence of his direct admission. The State attempted to prove this required knowledge on defendant's part by testimony that in forcing down the door and throughout their chase through defendant's house the officers announced in a loud yelling manner that they were police officers; that Officer Menees displayed his badge and identification card on two occasions in such a manner that defendant could see and comprehend what they were; and that defendant was aware that they were police officers when he became suspicious and startled and refused to open the door but instead fled for a weapon to apparently shoot it out.

The testimony preserved in the record is not substantially contradicted by defendant. He, nonetheless, claims he did not know they were police. Britz's claim to innocence is based in part on his testimony that his house had been broken into twice before and that he therefore fled from the door to obtain a weapon to defend himself, his residence and his property. (In ultimately executing the search warrant a quantity of heroin and narcotic paraphernalia were discovered sitting on the dining room table.)

The existence of exigent circumstances can remove the constitutional necessity of an announcement of the authority and purpose of police officers in executing a search warrant. Possible exigent circumstances include where the police are justified in believing that their authority and purpose is already known to the occupants and any announcement prior to a forced entry would place them in imminent danger, or cause the suspects to flee or destroy damaging evidence. (Cf. *People v. Stephens*, 18 Ill. App. 3d 817, 310 N.E.2d 755 (1974).) The court stated at page 758 in *Stephens*, " [W]e are not unmindful of the practical ramifications of unannounced forcible entries into private dwellings. The possibility of mistake and the inherent dangers to both the occupants and the police in effecting entry in this manner are obvious." We are also aware of the dangerous situation present in the forced entry in the case at bar. However, it appears from the record that the entry was announced and that all reasonable means were used by the police to identify themselves.

Defendant's contention that his guilt was not established beyond a reasonable doubt and his theory that he acted in self-defense or in defense of his home and property is unconvincing and improbable in light of the illegal traffic in narcotics in which he was engaged at the time of this occurrence. The State's version that Britz heard and believed the officers when they announced their office or alternatively was actually aware of who they were when he refused to open the door and instead retreated for his weapon is not improbable, unconvincing or contrary to human experience. The case of *People v. Barry*, 6 Ill. App. 3d 836, 286 N.E.2d 753 (1972), is controlling on the issue of proof of defendant's knowledge from the officers' announcement of their official office. In that case the defendant also contended he did not know that the officer in civilian clothing was an officer when he assaulted the officer. As in the present case, the officer in *Barry* in plain clothes announced that he was a police officer and the court felt that was sufficient evidence to support a finding that defendant knew the individual he assaulted was a police officer.

■■ It was the duty of the court sitting without a jury in this case to determine the credibility of the various witnesses and the weight to be given their testimony. On review we will not substitute our judgment for that of the jury or the court. (*People v. Coulson*, 13 Ill. 2d 290, 149 N.E.2d 96 (1958); *People v. Scott*, 34 Ill. 2d 41, 213 N.E.2d 521 (1966).) Although all of the State's evidence on the element of defendant's knowledge that the man he shot at was a peace officer was circumstantial that evidence was sufficient to establish guilt beyond a reasonable doubt. A quote from *People v. Jackson*, 98 Ill. App. 2d 296, 240 N.E.2d 482, 485 (1968), we believe is here worthy of note, "To warrant a conviction on circumstantial evidence the facts proved must so thoroughly establish the guilt of the person accused so as to exclude every reasonable hypothesis of his

innocence. [Citation.] However, the trier of fact is not required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt. [Citation.]"

The judgment of the Circuit Court of Will County is therefore affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.

