THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOSEPH V. OUELLETTE *et al.*, Defendants-Appellees.

Third District   No. 77-124, 77-69 cons.

Opinion filed February 22, 1978.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Leonard Sacks, of Nutting, Thacker, Sacks & Paulauskis, of Kankakee, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is a consolidated appeal from two separate narcotics cases in the Circuit Court of Kankakee County. Both cases raise precisely the same legal issue and were appeals initiated by the State of Illinois from the granting of each defendant's motion to suppress evidence seized by police in executing search warrants seeking contraband narcotics upon premises occupied by each defendant.

Although each case is different from the other as to both the physical

location and the time of the execution of the search warrants, the cases have a striking number of factual similarities. More importantly each case presents the identical issue: Whether police officers who are executing a search warrant are required to knock and announce their authority and purpose when the object of the search is narcotics which are easily destroyed.

On September 23, 1976, defendant Thomas E. Smith was charged by information with the offenses of possession of a controlled substance, possession of cannabis, and possession of a hypodermic syringe. On December 14, 1976, defendant Joseph V. Ouellette was charged with possession of cannabis and possession of a hypodermic syringe. In defendant Smith's case the parties stipulated that there was a search warrant issued and that the police officers did not knock nor announce their authority or purpose prior to the execution of the search warrant. In defendant Ouellette's case there was not a similar stipulation, but the evidence produced at the hearing on the motion to suppress supports the same factual conclusions.

The reasoning testified to by the police for the unannounced forcible entry into defendant Smith's apartment was that they believed defendant might be armed, though that reason was not included in the police report, and that the material sought was a small quantity of controlled substance which was easily disposable. The suppression hearing testimony, by the officers, additionally disclosed that the reason for fearing Smith to be armed was police contact with him on two earlier occasions, one in February of 1975 where the police searched his vehicle and found a handgun and sometime in the latter part of 1974 or early 1975 when they discovered an empty pistol box in executing a search warrant at 352 N. Evergreen in Kankakee, Illinois.

The reason for the same type of entry into defendant Ouellette's dwelling room was based upon information supplied to the police by an informant, whose identity was not revealed and who did not testify. The informant advised the police that Ouellette would not allow anyone to enter the room until he had established their identity and also that the contraband was kept near the commode in the bathroom for easy and quick disposal.

■■ In *People v. Stephens* (1st Dist. 1974), 18 Ill. App. 3d 817, 310 N.E.2d 755, it was accurately pointed out that the statute relating to search warrants (Ill. Rev. Stat. 1973, ch. 38, par. 108—8), neither condones nor prohibits forcible entries to execute search warrants in the absence of a prior announcement of police authority and purpose. Until recent date Illinois courts had interpreted *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 85 S. Ct. 1623, as constitutionally requiring a prior announcement of authority and purpose by the police before forcibly

entering private premises unless certain exigent circumstances existed to obviate the announcement requirement. In the most recent case of *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067, the Illinois Supreme Court interpreted the *Ker* opinion as not having elevated the announcement requirement to constitutional dimensions. The court in *Wolgemuth* concluded that the United States Supreme Court in *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, did not address whether the Federal Constitution required the police to announce their authority and purpose, because a California statute required it. It was further stated that the California statutory announcement requirements did not offend the constitutional standards of reasonableness of the Fourth Amendment.

We have carefully examined the underlying facts in both *Wolgemuth* and *Ker* and find that both cases dealt with situations involving arrest warrants as opposed to the execution of search warrants as we have here. In upholding the unannounced entry in *Ker* the majority opinion found not only that the police officers reasonably believed defendant was in the possession of narcotics which could easily be destroyed, but that defendant's furtive conduct in eluding the police immediately prior thereto was reasonable grounds for the police to believe he was expecting them, thus making an announcement of authority and purpose a superfluous gesture. The facts in *Wolgemuth* indicated that the police knocked on defendant's door for 10 minutes before arranging for the building owner to admit them to arrest defendant, and only then entered after knocking on the door for another five minutes. In addition, the police in *Wolgemuth* were advised by other building residents that a man fitting Wolgemuth's description had been seen entering but had not left. Based upon the latter fact and the repeated attempts to arouse Wolgemuth the court quite logically concluded that any further efforts to notify Wolgemuth of their presence would have been equally as superfluous and futile as in *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623. In the case at bar no attempt at all was made to notify either defendant of the presence or purpose of the police prior to their forced entry, nor were there any furtive gestures or fleeing involved. For these reasons we believe both the instances here differ factually from *Ker* and *Wolgemuth* and that the latter are distinguishable.

We are also not persuaded that the recent decision in *Wolgemuth* now allows blanket unannounced forcible entries to execute *search* warrants simply because of the suspected presence of easily destroyed narcotics. We have been cited to our recent decision in *People v. Britz* (3d Dist. 1976), 39 Ill. App. 3d 200, 349 N.E.2d 418, for the proposition that the presence of easily destroyed narcotics alone forms a sufficient basis to allow a forced entry without prior announcement. To the contrary we

found in *Britz* that there was an announcement as well as furtive fleeing movements and other indications that the occupants were already aware of the police presence and purpose.

In *People v. Stephens* (1st Dist. 1974), 18 Ill. App. 3d 817, 310 N.E.2d 755, the court rejected the argument that the presence of easily destroyed narcotics alone formed sufficient exigent circumstances to obviate the need for a prior announcement of police authority and purpose before forcibly entering to execute a search warrant. The court there denounced a blanket rule allowing unannounced forcible entries to execute search warrants based on the type of crime or evidence involved. Such a blanket rule would reduce the test of constitutional reasonableness of a particular search to one of practical police expediency. The case of *People v. Richard* (2d Dist. 1975), 34 Ill. App. 3d 621, 339 N.E.2d 400, is factually similar to both *Stephens* and the present case. It was there held the suspected possession of contraband narcotics is not by itself sufficient justification for the police not to announce their authority and purpose prior to a forcible entry.

■■ We view the purpose of any knock and announce rule, whether required by statute or common law, to be that the dignity and privacy protected by the Fourth Amendment demands a certain propriety on the part of policemen, even after they have been authorized to invade an individual's privacy by a valid *search* warrant. No matter how great the probable cause is to believe a man guilty of a crime or in possession of the fruits of a crime, he must be given a reasonable opportunity to voluntarily surrender his privacy. A less obvious but equally important purpose for requiring a prior announcement generally is the protection of the police and occupants. An unannounced entry into a private dwelling as in the instant cases could quite easily lead an individual to believe that his safety is in peril and cause him to take defensive measures which might result in harm to both himself and to the police. This danger may often be avoided if the occupant knows that a warrant has been issued to search his dwelling and he is given the opportunity to voluntarily admit the police to perform their duty.

The case of *People v. Hartfield* (5th Dist. 1968), 94 Ill. App. 2d 421, 237 N.E.2d 193, relied upon so strongly by the State, is not controlling. Although the language contained in *Hartfield* suggests that the existence of narcotics which can easily be destroyed is sufficient exigent circumstances to make a prior police announcement before forcibly entering inessential, to do so the facts of the case are categorized as similar to those in *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, where there was a very relevant circumstance present, the chase, in addition to the presence of narcotics to justify the unannounced entry. Further, the *Hartfield* opinion suggests that the main issue there

was in fact the validity of the search warrant, not the reasonableness of its execution. In *Hartfield* the police knocked on the door, announced their identity without disclosing their purpose of executing a search warrant, and after receiving no immediate response kicked down the door. In the present cases there was no knocking on the door nor any kind of an announcement by the police. We believe the cases are therefore distinguishable.

We believe it especially significant that the Illinois Supreme Court in *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166, 370 N.E.2d 1067, 1072-73, stated that they did not intend to devalue the importance of the police practice of announcing authority and purpose, and further concluded that "[a]lthough the mere failure of police to announce their authority and purpose does not *per se* violate the Constitution, it may influence whether subsequent entry to arrest or search is constitutionally reasonable." As the *Wolgemuth* opinion suggests, the announcement of authority and purpose is merely one of the many factors to be weighed in ascertaining if the entry to arrest or search is constitutionally reasonable.

■■ Here, in defendant Smith's case, the prior police contact with him was on two prior occasions, one more than two years before and another over one year before. On the second occasion a handgun was found in his motor vehicle, found subsequent to his arrest and the execution of a search warrant elsewhere. On the first occasion, an empty pistol box was found in an apartment. As heretofore indicated, the police officer's testimony at the hearing on the Smith motion to suppress the seized evidence was that he had two reasons for not announcing his authority and purpose prior to kicking down defendant Smith's door. The first reason was the often-used suspicion that a small quantity of contraband narcotics was sought which was capable of being easily destroyed. The second reason was the officer's personal knowledge of defendant Smith from the two isolated contacts in the past. However, there was no evidence offered to prove that Smith was ever arrested or charged with unlawful possession of a weapon, or that he was the owner of the gun found in his car in 1975, that the weapon was loaded or concealed, or that the defendant had attempted to use the weapon. No evidence was offered by the State that Defendant Smith had offered any violence or threats of violence toward the police on either of the two prior encounters.

The police forcibly kicked down Smith's door without prior announcement of any kind and entered with their service revolvers drawn in the late hours of the evening. Their excuse for this behavior, other than the suspicion of the presence of a small quantity of narcotics, amounted only to their personal accusations that defendant *was* an armed and dangerous man. The fact is that their past contacts and knowledge of

Smith included no actual violence or threats of violence from him, and no record of his conviction of an unlawful weapons charge was ever disclosed. Further the written statement of the police officer reporting the execution of the search warrant did not mention at all that he made the unannounced forcible entry because he feared for his own safety or that of the other officers. The only excuse given in the written report for the type of entry used was the nature of the quantity of the suspected controlled substance and its ability to be readily destoyed. It does not appear the officer's fear of defendant was well founded and based upon a reasonable apprehension of armed violence from the defendant Smith.

■■ With regard to defendant Ouellette there appeared to be absolutely no reason, other than the ease with which a small quantity of narcotics could be destroyed, to justify the same unannounced forced entry there.

The trial judge concluded that the prior police contacts with Smith were too remote in time to cause the police reasonably to believe Smith was armed and that they were in particular danger for their safety when they executed the search warrant. The trial judge also concluded there was insufficient reason for the police not to have announced before executing the Ouellette search warrant. We agree.

We hold after having reviewed the records in the cases of both defendants, Ouellette and Smith, that both searches, pursuant to search warrants, without the least effort to notify the defendants of the police presence or authority, were unreasonable, and the evidence seized subsequent thereto was properly suppressed by the trial court in each case.

For the foregoing reasons the judgments of the Circuit Court of Kankakee County with regard to defendants Joseph V. Ouellette and Thomas E. Smith are affirmed.

Judgments affirmed.

STENGEL, P. J., and SCOTT, J., concur.