THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PETER J. KALOMAS, Defendant-Appellant.

Third District   No. 77-227

Opinion filed November 30, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:
The defendant, Peter J. Kalomas, was convicted of theft and burglary following guilty verdicts by a Rock Island County jury. The trial court vacated the theft conviction and sentenced the defendant to a term of imprisonment of not less than 4 nor more than 12 years in the penitentiary for burglary. Defendant has appealed from that conviction.
The defendant has phrased the one issue he presents for review as:
> "Whether the defendant's motion to suppress confessions and evidence should have been granted because the arrest warrant under the authority of which the police entered and searched the defendant's apartment was not executed in a reasonable manner, the police having failed to adequately advise the apartment's occupants of their presence or authority and purpose and having failed to give the occupants sufficient time to respond."

His argument for reversal of his conviction is that the police executed the arrest warrant and the subsequent search pursuant thereto in a constitutionally unreasonable manner.

Before discussing the merits of defendant's contentions we must dispose of the State's argument that the issue of the unreasonable manner of the execution of the arrest warrant was waived because of defendant's failure to specifically challenge the propriety of the police entry in the motion to suppress. (*People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292.) We agree that the defendant did not specifically put the exact argument in detail that he does now on appeal. However, he did argue in the trial court generally that his arrest and the search were violations of his rights under the Fourth Amendment to the United States Constitution. We believe the issue raised does affect defendant's substantial constitutional rights and should be considered.

Defendant alleged in a motion to suppress that a statement made by him and certain evidence in his apartment were fruits of an unlawful arrest. The facts of the arrest were presented by the testimony of the arresting officers and the defendant himself at the hearing on the motion to suppress. Police officers Cunningham and Nelson, armed with arrest warrants for the defendant and one Greg Cox, went to the defendant's home at approximately 10 a.m. on November 20, 1976. The police officers were aware of a burglary in the prior evening and early morning of Jerry's Market, a local grocery store, in which various foodstuffs, candy, and cigarettes were taken. They entered a common hallway in the apartment building and saw in plain view an area in the hallway which was being used as a kitchen. Officer Harry Nelson testified that a large quantity of various canned goods were stacked on shelves there. One item of the canned goods was particularly noticeable, *e.g.*, at least three stacks of canned boned chicken of the same brand name taken in the burglary. The inventory of the burglarized grocery store revealed that of the various items taken one of the largest amount of any one item was 15 cans of Swanson's boned chicken. As indicated heretofore, the defendant's kitchen where the canned boned chicken and other foodstuffs were viewed was not located in defendant's apartment itself but was outside the door to the apartment. Officer Nelson testified that the 15 cans of boned chicken stood out to him as similar to items reportedly taken only a few hours before in the burglary of Jerry's Market. The police officers then proceeded to the door of defendant's apartment and knocked on the door. The door was already ajar and the knocking caused it to further open revealing the occupants of the living room asleep. The police then entered through the open door announcing their authority and purpose at the same time. The persons who were in the room adjacent to the door were awakened. The police officers also testified to then noticing a number of cartons of cigarettes in the living room which were similar to the fruits of the burglary of Jerry's Market. One of the officers then proceeded to the defendant's bedroom where defendant was placed

under arrest. Defendant gave a statement to the police in which he implicated himself as having entered the grocery store. Defendant's own trial testimony denied his complicity in the burglary and indicated that the statement he made implicating himself in the burglary was not true, and was induced by a police threat.

Defendant's first argument on appeal is that the knocking of the police on his door was not sufficiently vigorous to awaken the occupants immediately inside and therefore made the police entry unreasonable. As indicated, the evidence in the record shows that the police did knock on the ajar door with sufficient force to cause it to come open. Defendant also contends that the police waited an insufficient time after knocking and before entering. Defendant relies for support of his theory that the police knock and announcement were constitutionally defective upon the cases of *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623; *People v. Ouellette* (3d Dist. 1978), 57 Ill. App. 3d 249, 373 N.E.2d 114; and *People v. Polito* (1st Dist. 1976), 42 Ill. App. 3d 372, 355 N.E.2d 725. We have examined the search and seizure in the *Polito* case and believe it is factually distinguishable from the instant appeal. The applicability of the case of *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, is questionable in light of the recent Illinois Supreme Court decision in *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067. There is no Illinois statutory requirement for a police officer to knock and announce his authority and purpose prior to entry to effect a search or arrest. Under the standards of reasonableness for arrest and search warrants announced in the *Wolgemuth* case, the entry and how it is accomplished are some of many circumstances to be considered by a reviewing court in deciding whether the particular arrest or search is constitutionally reasonable. We concluded in the case of *People v. Ouellette* (3d Dist. 1978), 57 Ill. App. 3d 249, 373 N.E.2d 114, applying the *Wolgemuth* standards, that the particular search incident to a search warrant in that case was not constitutionally reasonable, particularly where no seriously valid attempt was made to knock and announce, nor was any excuse given for such failure as to necessitate the manner of entry used there. The facts in the case at bar are quite similar to those in *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067, in that both involved *arrest* warrants and attempts by the police to knock and make the occupants aware of their presence and purpose.

The *Ouellette* case is quite dissimilar factually in that there a search warrant was involved and no attempt whatsoever was made to knock or announce by the police prior to their forced entry. We do not retreat from our reasoning in the *Ouellette* case but will apply the same standards announced in *Wolgemuth* to the present case. Applying the *Wolgemuth* criteria we conclude that here the arrest, search incident thereto and the

evidence seized were properly accomplished and that the trial court correctly denied defendant's motion to suppress the confession and evidence. The evidence clearly indicates that the police knocked on the door with sufficient force and vigor because the partially opened door opened completely upon their knocking. Any greater use of force in knocking could itself be argued by the defendant alternatively as unnecessarily forceful.

The police viewed evidence, which was in plain view in the common hallway used by the defendant as a kitchen and in the living room into which the door opened, which was suspiciously similar to the foodstuffs and other merchandise in quantity and kind which were reportedly taken in a very recent burglary. It is uncontested that the police then carried out their arrest warrants promptly and efficiently upon the door opening with their knocking.

Defendant's additional argument is that the police waited an insufficient time before entering and tainted the arrest by their failure to announce until after they had viewed the sleeping occupants through the open door and entered the room. This theory is equally unpersuasive. Applying the *Wolgemuth* reasoning the manner of entry is only one of the many circumstances to be considered in passing upon the constitutional reasonableness of the arrest or search. Here other circumstances were present, quite similar to the facts in *Wolgemuth*, to justify the immediate entry and failure to announce until after entry. Practically the police were forced to act quickly when the apartment door swung open revealing the sleeping occupants. An immediate entry was justified to protect not only the police, but also the occupants who may have resorted to violence if awakened and startled to view strangers standing at the open doorway. Common sense justified the police securing the room quickly in this case and announcing their presence and purpose immediately upon entry into the already open room. This action also prevented the defendant and Greg Cox, whom they had come to arrest pursuant to arrest warrants, from escaping or being aided by the other occupants.

We hold that the facts require an affirmance of defendant's conviction. The entry here was not violent or tumultuous and was accomplished, not in the middle of the night, but at 10 o'clock in the morning. The defendant's reliance on the Pennsylvania cases of *Commonwealth v. DeMichel* (1971), 442 Pa. 553, 277 A.2d 159 (delay of 5 to 15 seconds before forcible entry), and *Commonwealth v. Mazzella* (1974), 231 Pa. Super. 247, 331 A.2d 784 (delay of 5 to 10 seconds before forcible entry), is misplaced. Both cases were decided pursuant to the exigent circumstances exception to the knock and announce rule required by the Pennsylvania review courts pursuant to *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, as opposed to the standards

announced by our own supreme court recently in *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 370 N.E.2d 1067. Both those cases also are factually distinguishable from the present circumstances in that both involved forcible entries without any recognizable mitigating circumstances justifying the unannounced forcible manner of entry used. Similar cases, *State v. Lowrie* (1974), 12 Wash. App. 155, 528 P.2d 1010, and *People v. Abdon* (1972), 30 Cal. App. 3d 972, 106 Cal. Rptr. 879, are argued by defendant to support his argument that the police entry here was unreasonable because of their failure to announce and wait sufficient time for response from within prior to entry. We have reviewed the facts in both cases and find them to also be distinguishable, and therefore unpersuasive. The forcible entry in *Lowrie* was strikingly similar to *People v. Ouellette* (3d Dist. 1978), 57 Ill. App. 3d 249, 373 N.E.2d 114, which we agreed was an unreasonable entry but which was factually distinguishable from the case at bar. The *Abdon* case was based upon a statutory requirement of the California Penal Code requiring knocking and announcement prior to the execution of *search warrants* and allowing forcible entry *only* if the police are refused admittance. Such additional statutory requirement is absent in Illinois law and the holding of that case is therefore clearly inapplicable.

For the foregoing reasons the judgment of conviction of Peter Kalomas of burglary in the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.