(No. 50647

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSEPH V. OUELLETTE *et al.,* Appellees.

*Opinion filed December 20, 1979.*

512

514

UNDERWOOD and WARD, JJ., dissenting.

William J. Scott, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Ottawa (Donald B. Mackay, Melbourne A. Noel, Michael B. Weinstein, and David Cassorla, Assistant Attorneys General, of Chicago, and James E. Hinterlong and John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Vincent P. Paulauskis, of Nutting, Thacker, Sacks & Paulauskis, of Kankakee, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

In the unrelated narcotics cases of the defendants, Joseph V. Ouellette and Thomas E. Smith, the circuit court of Kankakee County granted the defendants' motions to suppress evidence. On a consolidated appeal, the appellate court affirmed (57 Ill. App. 3d 249). We granted the State leave to appeal (65 Ill. 2d R. 315(b)). The issue is whether police are required to knock and announce their authority and purpose in the execution of a search warrant for narcotics. Stated another way, the issue is whether there are circumstances which justify police failure to knock and announce their authority and purpose in the execution of a search warrant for narcotics, and which do not violate the fourth amendment's prohibition against

unreasonable searches and seizures. This narrow issue has not been decided by this court.

On July 30, 1976, at 7 p.m., a Kankakee police officer was told by an informant, that the informant, within the previous 24 hours, had been in defendant Smith's apartment, where he saw heroin wrapped in tinfoil. Within 3½ hours, a search warrant was issued and executed. It was stipulated that the police did not knock or announce their authority prior to the execution of the warrant. Smith was charged with possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)), possession of cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 704(a)), and possession of a hypodermic syringe or needle (Ill. Rev. Stat. 1975, ch. 38, par. 22–50). The circuit court granted Smith's motion to suppress the evidence because the failure of the police to knock and announce their authority and purpose was not justified by exigent circumstances.

In Ouellette's case, an informant told a Kankakee police officer that within the previous 24 hours the informant had been on premises occupied by defendant Ouellette and there had seen heroin which Ouellette offered to sell to the informant. That same day, December 13, 1976, a search warrant was issued; it was executed the next day. The evidence indicates the police neither knocked nor announced their authority and purpose prior to their entry to execute the warrant. Ouellette was charged with possession of a controlled substance, possession of cannabis, and possession of a hypodermic needle and syringe. The circuit court granted Ouellette's motion to suppress the evidence because the failure of the police to knock and announce their authority and purpose was "an unreasonable method of searching" under the United States and Illinois constitutions.

The State argues that under existing law an entry to execute a search warrant, without a knock and an announcement, is justified in exigent circumstances. It cites, among other cases, *Ker v. California* (1963), 374

U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, and *People v. Wolgemuth* (1977), 69 Ill. 2d 154. The exigent circumstances here, the State maintains, were the ease with which the evidence in both cases—narcotics—could be destroyed; and, in the case of Smith, the concern the police had for their safety if they knocked and identified themselves, since less than two years before they had found Smith in possession of a handgun. The State, in effect, urges us to hold that, where narcotics are involved, exigent circumstances exist *per se* because narcotics are easily disposed of.

Section 108—8 of the Code of Criminal Procedure of 1963 provides:

> "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant." (Ill. Rev. Stat. 1975, ch. 38, par. 108—8.)

No statutory requirement of knocking and announcing authority and purpose exists. Hence, the propriety of the entry here must be determined by constitutional considerations. (*People v. Hartfield* (1968), 94 Ill. App. 2d 421, 430-31.) In *People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166, this court recently held that "the mere failure of police to announce their authority and purpose does not *per se* violate the Constitution, [although] it may influence whether subsequent entry to arrest or search is constitutionally reasonable." Given this and based on the reasoning which follows, we hold that, where exigent circumstances exist, the failure of police to knock and to announce their authority and purpose in the execution of a search warrant for narcotics does not violate the fourth amendment right against unreasonable searches and seizures. We do *not*, however, agree with the State that the existence of narcotics is, in itself, an exigent circumstance justifying such an intrusion into a defendant's or a suspect's premises.

In *Wolgemuth*, Rock Island city police, acting on a

valid Iowa arrest warrant and after knocking on the defendant's apartment door twice (once for 10 minutes and once for 5 minutes), let themselves in with the owner's pass key. The officers failed to announce their authority and purpose, awakened the occupants, and seized pills which were the evidence the defendant unsuccessfully moved to suppress. Although the appellate court reversed, this court upheld the denial of suppression and the conviction. This court noted that Illinois has no statutory requirement of announcement of authority and purpose; that all "necessary and reasonable force may be used to effect an entry *** to make an authorized arrest" (Ill. Rev. Stat. 1973, ch. 38, par. 107—5(d)); and that, therefore, the issue before it had to be determined by reference to the fourth amendment. In reaching its conclusion that police announcement was not constitutionally required, the *Wolgemuth* court analyzed three United States Supreme Court cases, including *Ker v. California* (1963), 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623.

In *Ker,* the police had no warrant, did not knock, and did not announce their authority and purpose until after they were inside the apartment. California statutory law required an announcement of purpose prior to forcible entry to arrest. The majority in *Ker* did not specifically decide whether the Constitution required police to announce their authority and purpose because California law required it. Rather, the *Ker* majority considered whether the judicially created exceptions to the announcement requirement violated the fourth amendment. The majority found they did not: the defendant possessed narcotics which could be easily destroyed, *and* his furtive conduct in eluding police prior to arrest led them to believe he was expecting them, making an announcement superfluous. The *Ker* court found "the criteria under California law clearly include an exception to the notice requirement [*i.e.,* announcement] where exigent circum-

stances are present." 374 U.S. 23, 39, 10 L. Ed. 2d 726, 741, 83 S. Ct. 1623, 1633.

In holding that exigent circumstances may excuse a police announcement or that the failure to announce is not a *per se* violation of the Constitution, we "do not mean to devalue [the] importance" of the announcement requirement (*People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166). Its purpose is to notify the person inside of the presence of police and of the impending intrusion, give that person time to respond, avoid violence, and protect privacy as much as possible. Yet, as *Ker* and *Wolgemuth* illustrate, circumstances—exigent circumstances—may exist which justify the failure to announce authority and purpose in the execution of a search warrant. (Accord, *People v. Stephens* (1974), 18 Ill. App. 3d 817, 821; *People v. Richard* (1975), 34 Ill. App. 3d 621, 625-26; *People v. Jackson* (1976), 37 Ill. App. 3d 279, 283; *People v. Conner* (1977), 56 Ill. App. 3d 565, 567; *People v. Conner* (1978), 67 Ill. App. 3d 133, 135, and dissent in *Conner*, based on majority's *application* of the rule, 67 Ill. App. 3d 133, 136-41, *rev'd* (1979), 78 Ill. 2d 525. *Cf. Dalia v. United States* (1979), 441 U.S. 238, 247, 60 L. Ed. 2d 177, 186, 99 S. Ct. 1682, 1688; *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 477-78, 29 L. Ed. 2d 564, 589-90, 91 S. Ct. 2022, 2044; *Miller v. United States* (1958), 357 U.S. 301, 308-10, 2 L. Ed. 2d 1332, 1337-39, 78 S. Ct. 1190, 1195-96.) See generally *People v. Payton* (1978), 45 N.Y.2d 300, 380 N.E.2d 224, 408 N.Y.S.2d 395, *probable jurisdiction noted* (1978), 439 U.S. 1044, 58 L. Ed. 2d 703, 99 S. Ct. 718; *United States v. Houle* (8th Cir. 1979), 25 Crim L. Rep. 2522; *Commonwealth v. Terebieniec* (Pa. Super. Ct. 1979), 25 Crim. L. Rep. 2502.) These exigent circumstances may encompass such considerations as danger to the policemen executing the warrant, or the uselessness of the announcement, or the ease with which the evidence may be destroyed. 2 W. LaFave, Search and Seizure 131-38 (1978) (hereafter

LaFave).

The last consideration brings us to the State's implied argument that, since narcotics by their nature are easily destroyed, exigent circumstances have been established. We reject such a blanket rule for the reasons stated in *People v. Gastelo* (1967), 67 Cal. 2d 586, 588-89, 432 P.2d 706, 708, 63 Cal. Rptr. 10, 12:

> "Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved. Indeed in the *Ker* case the court was divided 4 to 4 on the question whether the evidence offered to excuse compliance with the notice and demand requirements was sufficient.
>
> ***
>
> Thus we have excused compliance with the statute in accordance with established common law exceptions to the notice and demand requirements on the basis of the specific facts involved. No such basis exists for nullifying the statute in all narcotics cases, and, by logical extension, in all other cases involving easily disposable evidence. The statute does not contain the seeds of such far-reaching self-destruction.
>
> Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so

> must they have some particular reason to enter in
> the manner chosen."

What is needed, beyond the knowledge that narcotics are involved, is that " 'police have particular reasons to reasonably believe in a particular case that evidence will be destroyed' " (2 LaFave 134-35). Particular reasons might include reliable and specific information that narcotics are always kept near a toilet (2 LaFave 135) or that buckets of water are kept near the toilet so as to aid in flushing the narcotics away.

Applying our holding to the facts before us, we affirm the appellate court's decision in Smith's case. Neither the search warrant, police reports, nor the testimony of Joel Coash, one of the police officers executing the search warrant against Smith, indicated any exigent circumstance justifying the failure to announce—other than Coash's reference in his report to "its [heroin's] ability to be readily disposed of." This just is not sufficient given our refusal to establish a blanket rule.

Officer Coash's testimony—that on two occasions, 1½ and 2 years before execution of the search warrant, he had personal knowledge of Smith's possession of a handgun and a pistol box respectively—does not justify the failure to announce for several reasons. First, the purpose of announcement of purpose and authority encompasses protection of the police officer as well as avoidance of confrontation generally. Thus, each situation merits individual analysis; nevertheless, giving notice of police presence seems more compelling in the face of startling someone in possession of a weapon. Compliance with the announcement requirement should be excused, on this basis, "only where the officers reasonably believe the weapon will be used against them if they proceed with the ordinary announcements" (*People v. Dumas* (1973), 9 Cal. 3d 871, 878, 512 P.2d 1208, 1213, 109 Cal. Rptr. 304, 309; accord, 2 LaFave 136-37). We do not believe this to be true here, and this leads to our remaining points.

Second, the police reports fail to show the police reasonably believed Smith possessed a firearm or would use it. (Coash's report states only that the door was forced because of the quantity and nature of the controlled substance.) Third, like the appellate court, we are not convinced that the two prior occasions, involving a gun box and handgun, demonstrate a likelihood to use firearms: no evidence was offered "to prove that Smith was ever arrested or charged with unlawful possession of a weapon, or that he was the owner of the gun found in his car in 1975, that the weapon was loaded or concealed, or that the defendant had attempted to use the weapon," or that he had used or threatened to use violence against police (57 Ill. App. 3d 249, 254).

Therefore we affirm the appellate court in the action against Smith.

In the case of Ouellette, Richard Whitehead, one of the executing police officers, at the suppression hearing testified his informant told him that the heroin was located in a gray box on a dresser near but outside the bathroom, and that the defendant never permitted anyone who came to the door to enter the premises until the defendant had the visitor fully identify himself. We do not believe this establishes a sufficiently exigent circumstance. The heroin was not located near the commode; and determining the identity of someone at the door is not an unreasonable precaution. Moreover, there is no indication whatsoever in the complaint for a search warrant of exigent circumstances (*e.g.,* location of evidence, means to readily destroy it, etc.). (The record contains no police report.) Only the officer's testimony, taken almost two months after the event, argues the existence of exigency. Given the magnitude of the instrusion, we do not agree exigency existed such as would justify the failure to knock and announce. Therefore, we affirm the decision of the appellate court.

The circumstances which justified the failure to

announce authority and purpose in *Ker* (furtive conduct by the defendant *as well as* the easy destructibility of the evidence) and *Wolgemuth* (the prolonged knocking by the police) are not present in either case before us.

For the reasons given, we affirm the judgment of the appellate court.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD, dissenting:

I join in Mr. Justice Ward's dissent, and consider the majority's creation of a "knock and announce" rule to be particularly undesirable in the drug cases. Mr. Chief Justice Weintraub, writing for the New Jersey Supreme Court in *State v. Smith* (1962), 37 N.J. 481, 499-500, 181 A.2d 761, 770-71, puts the question in its proper context:

"We must identify precisely what is involved. We are not dealing with the sufficiency of the basis for a search. Probable cause existed. The right to invade the privacy of the occupant was clear. And it is of no moment that a search warrant had not issued; the problem would be the same if the magistrate's warrant were in hand. The State was entitled to seize the contraband. The nature of the contraband was such that if the officers' mission had first been announced, the articles likely would have literally gone down the drain. Indeed, the tourniquet was successfully secreted despite the nature of the entry. In short, if admittance had first been demanded, the State's clear right to search and seize as an incident to the arrest could have been defeated. Pushers of narcotics usually have but small quantities with them, the easier to part with their wares in the face of an arrest, and users rarely have a large supply.

The question then is whether the Fourth Amendment intended to nullify the State's clear

right to search by imposing a condition which would defeat it. If the State's right to the contraband is to be denied, it must be because of the evident danger and rudeness of a sudden entry. But the danger and the rudeness are not the gratuitous product of official insolence or indifference; they are the consequences of the criminal enterprise, made inescapable by its nature. Moreover, in striking a balance between the right of the State and the rights of the individual, the need to protect the innocent is not a conspicuous factor; for, as we have said, the hypothesis includes the existence of probable cause and indeed a reasonable basis to believe a criminal event is in progress. Hence, to require that admittance be demanded and the mission revealed before entry into the premises would, overall, benefit the guilty alone. It seems to us that the Fourth Amendment does not transmute a 'reasonable' search into an 'unreasonable' one merely because the officer discharged his duty to arrest and search in a manner which fairly appeared necessary for the successful enforcement of the State's right."

If we must have a "knock and announce" rule in criminal cases, I would except the narcotics cases from that requirement. Exempting them would eliminate the troublesome questions posed by Mr. Justice Ward which the police officers must now answer in deciding whether the "exigent circumstances" test of the majority has been met.

Apart from these observations regarding the rule created by the majority of my colleagues, it seems to me they have clearly misapplied that rule as to the defendant Smith. Despite the fact that Officer Coash knew Smith had a handgun at an earlier time, the majority refuses to excuse the "knock and announce" requirement unless "the officers reasonably believe the weapon will be used

against them." Since Smith was known to have had a hand-gun at an earlier time, it does not seem to me unreasonable to believe he might still have it. Were I the officer obliged to search the occupied apartment of one possessing, and perhaps using, drugs, and reasonably believed to have a gun, I think I would prefer he not be warned of my arrival. The circumstances here seem to me to be sufficiently "exigent" to meet even the majority's test.

I would reverse the appellate and circuit courts and deny the motions to suppress the evidence.

MR. JUSTICE WARD, also dissenting:

While there are appealing reasons why officers should knock and announce their authority and purpose in executing search warrants, I believe there are even more strongly persuading grounds why this court should not impose the broadly stated obligation the majority announces here. The majority acknowledges there is no constitutional or statutory obligation to do so and I judge that the holding today will only increase uncertainty in the already nebulous area of search and seizure. Many new questions now arise to vex law enforcement officers, the bar and the courts. To whom must notice be given in order to satisfy a notice requirement? May officers assume that notice to any person who opens the door will be sufficient? Can the knock and the notice be only at the outer door of the house or apartment or must a knock and announcement be made on the inner door or doors? What do officers do in respect to a door that is already open? (Professor LaFave observes that "whether passage through an open door is the type of entry which ordinarily requires prior announcement is a matter which continues to divide the courts." 2 LaFave, Search and Seizure 126-27 (1978).) The majority says that if police have ground to reasonably believe that evidence may be destroyed, there may be no necessity to knock and announce. It is said that "[p]articular reasons might include

reliable and specific information that narcotics are always kept near a toilet" (78 Ill. 2d at 520). This statement will obviously cause questions of interpretation for officers and courts. The majority states, too, that there may be an entry without notice to execute a search warrant under certain circumstances when the police have knowledge of weapons on the premises to be searched. It is said, however, that failure of officers to announce will be excused "only where the officers reasonably believe the weapon will be used against them if they proceed with the ordinary announcements" (78 Ill. 2d at 520). This is calling upon officers whose lives may be at stake to make nice judgments as to whether decisions that their lives are imperiled are reasonable.

I consider, on balance, that the unfavorable effects of the holding today will outweigh its benefits. The bar, enforcement officers and courts will be vexed by added problems in a confused area.