THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KASCELL JENNINGS, Defendant-Appellant.

Fifth District   No. 5—89—0102

Opinion filed November 7, 1990.

1076

Daniel M. Kirwan and Mary M. Menard, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William R. Haine, State's Attorney, of Edwardsville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Kascell Jennings, was convicted of four counts of unlawful possession of weapons by a felon and one count of unlawful possession of a controlled substance by a jury in the circuit court of Madison County. Defendant was sentenced to concurrent terms of 10 years' imprisonment on each of the weapons charges, and a concurrent six-year term of imprisonment for possession of a controlled substance. On appeal defendant contends that the court erred in denying his motion to suppress evidence. Defendant further contests the validity of his sentence.

On January 23, 1986, police officers executed a search warrant for cocaine, heroin, drug paraphernalia and stolen guns at the defendant's residence, a mobile home. Defendant was arrested and charged with offenses stemming from the search. Before trial, defendant filed a motion to suppress the evidence seized based upon the alleged impermissible method employed by the police in executing the warrant. A hearing was held on defendant's motion.

Defendant testified that at approximately 7:30 a.m. on January 23, 1986, he "had just got up out of bed." Shortly thereafter he heard his dogs barking outside. As defendant walked to his front door, he heard "a lot of people saying, 'Open up; it is the police; we know you are in here, you son of a bitch, and it is no use in trying to hide.' " Defendant

responded, "Just a minute," whereupon an ax came through the door. Defendant testified that from the time he learned there were police officers outside until the ax came through the door, only three to four or five seconds had elapsed.

Officer Michael Terrell of the Illinois State Police testified that on the morning of January 23, 1986, he assisted in the execution of the search warrant at defendant's residence. Officer Terrell testified that upon knocking on defendant's door and announcing that they were from the State Police and had a search warrant, they received a response to the effect, "Just a minute." The person inside did not open the door. Officer Terrell recalled that two to three minutes elapsed from the time the police announced that they had a search warrant, until they started breaking in the door. When asked whether he could recall whether the time period could have been longer or shorter than two or three minutes, Officer Terrell conceded that he could not remember.

Illinois Department of Criminal Investigation Agent Ed Muzzey was in charge of the execution of the search warrant. Muzzey testified that a confidential informant advised him that he had used both currency and property known by the defendant to be stolen to acquire controlled substances from the defendant. Although the informant could not describe in detail any specific weapon which he had given the defendant, he did tell Muzzey that in the past he had given handguns to the defendant in exchange for narcotics. His account of the method by which the police officers gained entry to defendant's residence is as follows. Agent Muzzey knocked on the front door of the mobile home—waited—knocked again—heard a male voice inside ask who it was—advised that they were police officers, that there was a search warrant and asked defendant to open the door. Agent Muzzey could hear the person scuffling inside the mobile home, and then no response. Muzzey said something to the effect, "Open up the door." There was still no response. At that time forcible entry was obtained into the residence by the use of an ax through the door. Agent Muzzey estimated that one minute elapsed from the time defendant responded to the time Muzzey made his second inquiry and received no response from inside the residence.

Generally, absent exigent circumstances, police officers executing a search warrant are expected to knock and announce their authority and purpose before entering the premises to be searched. (*People v. Ouellette* (1979), 78 Ill. 2d 511, 516, 401 N.E.2d 507, 509.) The presence of exigent circumstances is as important and relevant to the question of the amount of time an officer ought to wait prior to entering forcibly as it is to the question of whether he needs to even announce his authority and purpose prior to entry. (*People v. Boykin* (1978), 65 Ill.

App. 3d 738, 741, 382 N.E.2d 1369, 1371.) Here the trial court made the following finding in its order denying defendant's motion to suppress:

"The Court finds the force in axing the door in the instant case unnecessary and not justified by the claimed exigent circumstances that the agents were searching [for] drugs which are easily destroyed. However, in the instant case, unlike *Clark* (1986), 144 Ill. App. 3d 7, 494 N.E.2d 166, the police did first announce themselves before breaking down the door. While they did not give adequate time for the defendant or anyone else to respond, they did make their presence known before going through the front door. The Court believes that while force was unnecessary at the time it was used, it does not arise to the point of making the subsequent search itself unreasonable."

While defendant argues that the officers' forcible entry was contemporaneous with the announcement of their presence and authority to enter, we believe that the trial court's conclusion that the police first announced themselves before breaking down the door is supported by the record. Where the evidence is merely conflicting, a court of review will not substitute its judgment for that of the trier of fact. (*People v. Trask* (1988), 167 Ill. App. 3d 694, 704, 521 N.E.2d 1222, 1229.) Moreover, although the testimony presented is contradictory as to the time which elapsed from when the officers announced their presence to when they began commencing entry, defendant himself acknowledged that there was at least a span of three to five seconds.

▪ Because there was evidence from which the trial court could properly conclude that the officers knocked and announced prior to forcing entry into defendant's residence, we turn to the question of whether defendant was given a sufficient time to respond. There are no rigid rules for determining whether officers have allowed a sufficient period of time to elapse before entering a building to execute a search warrant. (*People v. Saechao* (1989), 129 Ill. 2d 522, 533, 544 N.E.2d 745, 750.) All of the surrounding facts and circumstances should be considered in determining if the wait is reasonable. *Trask*, 167 Ill. App. 3d at 704, 521 N.E.2d at 1229; *Boykin*, 65 Ill. App. 3d at 740, 382 N.E.2d at 1371.

▪ Defendant maintains that the police did not provide him with sufficient time to respond before forcing entry because there were no exigent circumstances in this case. We note that the trial court made no finding as to whether the claimed exigencies—presence of narcotics and weapons—warranted the officers' entry after allowing a minimal response time. It is true that the presence of narcotics is not, in itself, an exigent circumstance justifying the entry without first knocking and announcing their presence. (*People v. Ouellette* (1979), 78 Ill. 2d 511, 516,

401 N.E.2d 507, 509.) Likewise, sketchy information indicating that defendant has weapons on the premises does not alone create an exigent circumstance. (*People v. Clark* (1986), 144 Ill. App. 3d 7, 11, 494 N.E.2d 166, 168.) However, the police should not have to be certain that they will be shot at if they wait very long before entering; they just have to have a reasonable apprehension of danger. *Trask,* 167 Ill. App. 3d at 705, 521 N.E.2d at 1230.

■■■ Agent Muzzey, accompanied by other police officers, went to the front door of defendant's mobile home. Muzzey knocked on the door and announced the officers' presence. Defendant responded to the effect, "Just a minute." Muzzey testified that he could hear the person inside the residence scuffling about, yet no one came to answer the door. Once the police announced their presence, anywhere from three seconds to one minute elapsed until they began forcibly entering the door. The officers then quickly proceeded to enter the residence, having been alerted to the presence of weapons and narcotics by the informant. Under the circumstances it was reasonable to conclude that the person within may either have been attempting to arm himself or attempting to destroy incriminating evidence. (See *Boykin,* 65 Ill. App. 3d at 743, 382 N.E.2d at 1371.) It is well established that a trial court's ruling on a motion to suppress will not be disturbed unless it is manifestly erroneous. (*People v. Garcia* (1983), 97 Ill. 2d 58, 74, 454 N.E.2d 274, 279, *cert. denied* (1984), 467 U.S. 1260, 82 L. Ed. 2d 856, 104 S. Ct. 3555; *People v. Conner* (1979), 78 Ill. 2d 525, 532, 401 N.E.2d 513, 516.) We believe that under the circumstances described, the officers' conduct was reasonable and conclude that the trial court's determination in denying defendant's motion to suppress was not manifestly erroneous.

The next issue on appeal is whether three of the defendant's four convictions for unlawful possession of weapons by a felon should be vacated, as they are all based on the same physical act. On each of the four counts defendant was found to have knowingly had in his possession a firearm in violation of section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1).

■ Defendant argues that the supreme court has definitively mandated that a single physical act can result in but one conviction. (See *People v. Donaldson* (1982), 91 Ill. 2d 164, 170, 435 N.E.2d 477, 479.) Defendant cites as supporting authority cases which have held that simultaneous possession of more than one type of controlled substance constitutes a single offense for which there can only be one conviction. (*People v. Manning* (1978), 71 Ill. 2d 132, 137, 374 N.E.2d 200, 202; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 441-42, 488 N.E.2d 1087, 1093.) The State concedes the application of the case law cited to

the issue at bar and requests that this court vacate three of defendant's four convictions for unlawful possession of weapons by a felon. We agree that the judgment should have been entered and sentence imposed on only one of the four counts and, therefore, vacate three of defendant's four convictions for unlawful possession of weapons by a felon.

Finally, both defendant and the State request that this court reduce defendant's sentence for unlawful possession of a controlled substance to three years' imprisonment. In light of the following, we agree to grant this request.

▪▪ Defendant was convicted of unlawful possession of weapons by a felon and unlawful possession of a controlled substance. Unlawful possession of weapons by a felon is a Class 3 felony (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(d)), while unlawful possession of a controlled substance is a Class 4 felony (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)). An extended term may be imposed only for the most serious class of offenses of which a defendant is convicted. (*People v. Jordan* (1984), 103 Ill. 2d 192, 206, 469 N.E.2d 569, 575.) In this case, the Class 3 offense of unlawful possession of weapons by a felon is the most serious class of offenses of which defendant was convicted. Accordingly, we hold that the extended-term sentence imposed for defendant's conviction of the Class 4 felony was improper.

▪▪ Where a court having jurisdiction over both the person and the offense imposes a sentence in excess of what the statute permits, the legal and authorized portion of the sentence is not void, but the excess portion of the sentence is void. (See *In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910.) We, therefore, reduce defendant's sentence for unlawful possession of a controlled substance to the maximum allowable term of three years' imprisonment.

For the reasons stated, we affirm the trial court's denial of defendant's motion to suppress. We vacate three of defendant's four convictions for unlawful possession of weapons by a felon, and we reduce defendant's sentence for unlawful possession of a controlled substance to the maximum allowable term of three years' imprisonment, to run concurrently with the sentence imposed for the Class 3 felony.

Affirmed in part; vacated in part and modified in part.

WELCH and HOWERTON, JJ., concur.